UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18 CR 821 SNLJ |
| ) | |
| LIONELL THOMPSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion to Reconsider Detention, as supplemented. (ECF Nos. 38, 42)   The motion was referred to the undersigned United States Magistrate Judge. The government opposes the motion.  (ECF Nos. 39, 43)   For the reasons outlined below, the undersigned respectfully recommends that Defendant's motion be denied.

**I.     Findings of Fact and Procedural Background**

On October 4, 2018, the Grand Jury charged Defendant with the following felony offenses: possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (Count One); possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841 (Count Two); possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g) (Count Three); possession with the intent to distribute multiple controlled substances, in violation of 21 U.S.C. § 841 (Count Four); possession of a firearm in furtherance of the drug trafficking crime charged in Count Four, in violation of 18 U.S.C. § 924(c) (Count Five).   The government filed a motion for pretrial detention.  (ECF No. 5)

Defendant was arrested pursuant to a Writ of Habeas Corpus ad Prosequendum and he had his initial appearance before the undersigned on May 30, 2019.   Defendant, who was represented

by counsel, waived his right to a detention hearing and was ordered detained pending trial. (ECF Nos. 10, 11)  On February 26, 2020, Defendant appeared with counsel before the Honorable Stephen N. Limbaugh, Jr., United States District Judge, and pleaded guilty to Counts One and Four of the Indictment. (ECF Nos. 35, 36)  Defendant's Guilty Plea Agreement contemplates that he may be sentenced as a career offender. (ECF No. 36 at 6-7)  Defendant's sentencing hearing is currently set for June 3, 2020.

On March 27, 2020, Defendant filed his Motion to Reconsider Detention. The government filed its response in opposition on March 30, 2020.  On April 7, 2020, the undersigned held a hearing on Defendant's motion.  Defendant consented to appear by videoconference.  Defense counsel and the government's attorney appeared by telephone. (ECF No. 41)  In addition to hearing from the attorneys, the undersigned permitted Defendant to address the Court directly. Defendant read from a prepared letter and provided additional comments.  At the conclusion of the hearing, the undersigned asked the parties to provide the Court with supplemental legal authority that would address the specific question of whether 18 U.S.C. § 3142(i) applied in the post-plea context.[1]  The parties have filed their respective supplements. (ECF Nos. 42, 43)

**II.   Pending Motion**

Defendant's Motion rests largely on two circumstances.  First, Defendant argues that he waived his right to a detention hearing at his initial appearance because he was then on parole. Defendant's parole was expected to expire at the end of March 2020.  Defendant proffered that he was not aware of any other holds that would preclude his possible release.  Accordingly, Defendant

---

[1] Section 3142(i) allows a judicial officer, "by subsequent order" to "permit the temporary release of the person, in the custody of the United States marshal or another person, to the extent that the judicial officer determines such release to be necessary for the person's defense or for another compelling reason." (Emphasis supplied.)

2

believes he is now eligible for release.[2]  Second, Defendant asks for release due to concerns associated with the Coronavirus pandemic.  Defendant represented that he is pre-diabetic and suffers from hypertension, which place him at a heightened risk of serious complications should he become infected.

The government's response in opposition contends that Defendant poses both a danger to the community and a risk of flight.

As noted above, on April 7, 2020, the undersigned held a hearing on Defendant's pending motion.  Defendant's attorney represented that, even without the Coronavirus concerns, Defendant would have requested reconsideration of the order of detention because his parole was expected to expire at the end of March.  Defense counsel argued that Defendant's criminal history is old, at least insofar as that history relates to violence.  Defendant asked the Court to consider that his more recent criminal history involves controlled substances but not acts of violence.

Defendant was permitted to address the Court at length at the April 7th hearing.  Defendant described the conditions at the Ste. Genevieve County Jail, where he is currently being held. Defendant proffered that the staff is not taking appropriate precautions.  Defendant proffered that he has hypertension, cholesterol issues, is pre-diabetic, and that he is currently only receiving medications for cholesterol and acid reflux.[3]  Defendant read a letter in which he asserted that the Coronavirus pandemic provided an independent basis for his release, and again referenced conditions at the Ste. Genevieve County Jail.  Defendant acknowledged that few individuals would satisfy the rigid standards for release, but he insisted that he was one of those individuals.

---

[2] As will be explained below, Defendant notified the Court in a supplemental pleading that his parole did not expire as expected.

[3] The Bail Report indicates that Defendant has a history of cholesterol issues but does not indicate any history of hypertension or pre-diabetes.  (ECF No. 13 at 3)

3

Defendant proffered that he would live with his fiancé and participate in a program of 24-hour incarceration if released.

The government noted that Defendant had raised issues at the hearing that were beyond those raised in his initial motion. The government argued that Defendant's request for release relied on 18 U.S.C. § 3142(i). According to the government, § 3142(i) does not apply to this Defendant because he has pleaded guilty and is awaiting sentencing. The government proffered that Defendant faces a sentence of 151 months or more.

At the undersigned's request, after the April 7th hearing, the government submitted authority for its position that § 3142(i) does not apply in the post-plea context. See United States v. Goldman, No. 19-cr-0263 (WMW), 2020 WL 1547380, *2 (D. Minn. Apr. 1, 2020) (United States District Judge concluding that § 3142(i) was not applicable in the post-plea context). On April 9, 2020, Defendant's counsel filed a Supplemental Pleading. (ECF No. 42) In his supplement, Defendant noted that, at the April 7th hearing, he raised the possibility of release under 18 U.S.C. § 3142 or 3143 (and by implication 18 U.S.C. § 3145(c)). (ECF No. 42 at 1) Defendant acknowledged the Goldman decision from the District of Minnesota, but offered a case from the Eastern District of Michigan, United States v. Kennedy, 5:18-cr-20315 JEL-EAS (E.D. Mich. Mar. 27, 2020), in which a District Judge concluded that § 3142(i) could apply in a post-plea context.[4] In his Supplemental Pleading Defendant re-iterated his concerns about conditions at the Ste. Genevieve County Jail, and he proffered that his fiancé would serve as a third-party custodian, should he be released.

---

[4] Defendant supplied a copy of the E.D. Michigan case with his Supplemental Pleading. (See ECF No. 42-1) The undersigned is not persuaded by the reasoning in the Kennedy case.

4

Significantly, Defendant's Supplemental Pleading also acknowledged that he may not yet be eligible for release under his Missouri parole term until March 31, 2021, but he suggested that any release in the instant federal case might result in an earlier release in Missouri.

Pretrial Services opposes Defendant's release pending sentencing.

### III.  Analysis

Defendant has pleaded guilty. The decision to release a defendant pending sentencing is generally governed by 18 U.S.C. § 3143 and perhaps 18 U.S.C. § 3145, but not by 18 U.S.C. § 3142.[5] The decision in this matter was referred to the undersigned United States Magistrate Judge.

Pursuant to 18 U.S.C. § 3143(a)(2), after a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant be detained unless both of the following conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed; and (2) there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community.

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143(a),

> [a] person subject to detention pursuant to § 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

---

[5] Although Defendant asks the Court to at least consider his release on conditions, pursuant to 18 U.S.C. § 3142(c)(1)(B), that provision applies to pretrial release. Defendant's guilty plea in this matter precludes applying "the less stringent legal standard that applies to pre-trial release. Compare 18 U.S.C. § 3142 with 18 U.S.C. §§ 3143, 3145(c)." Goldman, 2020 WL 1547380, *2.

18 U.S.C. § 3145(c).[6] Exceptional reasons that may warrant release under § 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted); see also United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); United States v. Rausch, 746 F. Supp. 2d 1192, 1201–02 (D. Colo. 2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant); United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) (observing that "mere personal reasons," including family- or health-related hardships, are not "exceptional," and collecting cases).

Defendant has alleged that he is potentially more susceptible to serious illness if he contracts the Coronavirus. Like all facilities holding federal detainees, the facility holding Defendant is required to implement measures recommended by the Bureau of Prisons to mitigate the spread of the Coronavirus. In the event the Coronavirus should enter Defendant's facility, there are plans in place to isolate and control such an outbreak.

The undersigned does not take lightly Defendant's representations and concerns regarding his health and the alleged conditions at the Ste. Genevieve County Jail. But our Court is required to make an individualized assessment of all of the relevant facts and circumstances. Based on all of the available facts and circumstances, the undersigned cannot say that there is clear and convincing evidence to support a conclusion that, if released, Defendant would not be likely to flee or pose a danger to the community. To the contrary, there are no conditions available to

---

[6] At least one District Judge in our circuit has at least considered the application of § 3145(c) in the context of deciding a post-plea motion for release due to the Coronavirus pandemic. See Goldman, 2020 WL 1547380 at *2.

6

reasonably protect the public.  All of the information before the Court, including the current circumstances due to the ongoing pandemic, do not alter that conclusion.  The following facts and circumstances are provided to support the undersigned's determination.

On June 3, 2019, Pretrial Services prepared a written Bail Report.  (ECF No. 13)  For the limited purposes of deciding Defendant's Motion to Reconsider, the undersigned adopts and incorporates herein by reference the facts contained in the Bail Report.  Defendant is in his mid-40s and, at the time of his arrest in this matter, he was incarcerated in the Missouri Dept. of Corrections after his parole was revoked.  Additionally, the Bail Report indicated that, at the time of the Report, Defendant had two pending state charges.  Defendant has extensive criminal history dating back to his teenage years.  In 1991, Defendant was sentenced in Illinois on a felony armed robbery charge.  In 1995, while apparently on parole, Defendant was charged in St. Louis with voluntary manslaughter, two counts of armed criminal action, and assault 2nd, and he was sentenced to ten years of incarceration.  Defendant was released on parole in 2004 and declared an absconder in 2005, and his parole was later discharged.  In July 2005, shortly after his parole was discharged, Defendant was charged in St. Louis County with two counts of 2nd degree assault and two counts of armed criminal action.  In March 2007, Defendant was sentenced to seven years of imprisonment.  In 2010, Defendant was released on parole, but he was again declared an absconder.  Defendant was re-engaged on parole and his parole was discharged in 2012.  In April 2012, while on parole, Defendant was charged with felony non-support.  He successfully completed a term of probation on that charge.  In December 2012, Defendant was charged in the City of St. Louis with a felony drug distribution charge and felony resisting arrest.  Defendant was sentenced in 2014 to eight years of incarceration.  Defendant was

released on parole in April 2017, but his parole was revoked in November 2018.[7] Defendant also apparently has pending charges in the City of St. Louis for multiple felony drug and firearms offense.

Defendant's lengthy and serious criminal history leads the undersigned that there is no condition or combination of conditions that would reasonably assure Defendant's appearance or the safety of the public. Defendant faces a lengthy sentence when he is sentenced in this matter. Therefore, the undersigned cannot find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community. Also, it appears that Defendant is not actually eligible for release on his co-pending Missouri case. Therefore, even though Defendant has proffered issues concerning his conditions of confinement, in the context of the entire record, the undersigned cannot say that there are "exceptional reasons" under § 3145(c) that would allow a finding that Defendant's detention is not appropriate.

In concluding that Defendant has not met his burden of proof, the undersigned recognizes that the ongoing pandemic creates a great deal of anxiety and concerns, especially in a jail-setting. Based on the entire record currently before the Court, however, the undersigned finds that this Defendant has not established facts and circumstances that would reasonably allow for his release pending sentencing.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Court DENY Defendant Thompson's Motion to Reconsider [ECF No. 38 ].

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good

---

[7] This is the matter Defendant references in his motion and supplement.

8

cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).  see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of April, 2020.