UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cr-00821-SNLJ |
| | ) |
| LIONEL THOMPSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to amend or correct the Presentence Investigation Report (PSR) and/or the Statement of Reasons (SOR) pursuant to Federal Rule of Criminal Procedure 36 (Docs. 93, 94, and 95). Under Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Defendant states the PSR and SOR are inaccurate as they do not reflect that, although he pled guilty to Count IV, it was dismissed at sentencing, and the Court did not consider the circumstances set out in Count IV for purposes of sentencing. Defendant argues that Federal Rule of Criminal Procedure 32 required the information to be appended to the copy of the PSR provided to the Bureau of Prisons. He seeks an amendment or correction because the PSR and SOR effect the conditions of his incarceration, including the security level of the institution where he is incarcerated and available programs.

Rule 32(i)(3) requires a sentencing court to rule on any disputed portion of a presentence report or to determine that a ruling is unnecessary, and to append those determinations to any copy of the presentence report made available to the Bureau of Prisons. Fed. R. Crim. P. 32(i)(3)(B)-(C); *United States v. Conrad*, 74 F.4th 957 (8th Cir. 2023). Accordingly, it appears the information at issue should have been provided in some manner with the PSR to BOP. That said, the amendment or correction defendant seeks cannot be classified as a clerical error under Rule 36. *U.S. v. Yakle* 463 F.3d 810 (8th Cir. 2006). As such, to the extent defendant seeks relief pursuant to Rule 36, the motion will be denied.

However, even though the specific relief sought must be denied, the relevant information may be provided via a copy of the sentencing hearing transcript (Doc. 84). The Court will, therefore, direct the U.S. Probation Office for the Eastern District of Missouri to provide a copy of the sentencing hearing transcript (Doc. 84) to the Bureau of Prisons. Further, the Court will direct the Clerk of Court to provide a copy of this Order to the U.S. Probation Office and to send a copy of the transcript to defendant.

**IT IS HEREBY ORDERED** that defendant's motion to amend or correct the Presentence Investigation Report and/or the Statement of Reasons pursuant to Federal Rule of Criminal Procedure 36 (Docs. 93, 94, and 95) is **DENIED**.

**IT IS FURTHER ORDERED** that the U.S. Probation Office for the Eastern District of Missouri **SHALL PROVIDE** a copy of the sentencing hearing transcript (Doc. 84) in this matter to the Bureau of Prisons. In that regard, the Clerk of Court is **DIRECTED** to provide a copy of this Order to the U.S. Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of the sentencing hearing transcript (Doc. 84) to defendant.

**SO ORDERED** on this 7th day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE